IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 10 2008

GREGORY C. LANGHAM
CLERK

Case No. 1:07-CV-02563-RPM

JETAWAY AVIATION, LLC, a Colorado Limited Liability Company,

Plaintiff;

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTROSE, COLORADO;
MONTROSE COUNTY BUILDING AUTHORITY; a Colorado Nonprofit Corporation;
JET CENTER PARTNERS, LLC, A Colorado Limited Liability Company;
BLACK CANYON JET CENTER LLC, a Colorado Limited Liability Company;
WILLIAM PATTERSON;
KEVIN EGAN; AND
JAMES RUMBLE;

Defendants.

## STIPULATED PROTECTIVE ORDER

IT IS HERBY STIPULATED AND AGREED, by and among the undersigned parties in the above captioned action (the "Litigation"), that this Stipulated Protective Order (the "Stipulation") shall govern the designation and handling of documents, electronically stored information and other data produced in response to request or subpoena or voluntarily provided in connection with the Litigation ("Discovery Material"), including documents, information and data produced or provided, deposition testimony, answers to interrogatories, responses to

requests to admit and other written, electronic, recorded or graphic matter produced by or obtained from any party or non-party (the "Producing Party") in connection with the Litigation.

1. As used herein, "Confidential Information" shall include any Discovery Material designated by counsel for a Producing Party as "Confidential" or information derived therefrom, including materials disclosing, summarizing, describing, characterizing or otherwise referring thereto. Counsel for a Producing Party shall designate as "Confidential" only Discovery Materials that counsel believes in good faith contain confidential, proprietary, commercially sensitive, or personal data, or otherwise non-public information protected from disclosure under Federal Rule of Civil Procedure 26.

2. As used herein, "Highly Confidential Information" shall include any Discovery Material that an attorney on behalf of the Producing Party reasonably believes is so sensitive that disclosure pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the Producing Party. Counsel for a Producing Party shall designate as " Highly Confidential" only Discovery Materials that counsel believes in good faith contain highly sensitive information affecting or related to the Producing Party's business, which may include, by way of example only, current or prospective business, operational and strategic plans, proprietary information, financial forecasts and projections, and other financially or competitively sensitive information.

3. Except with prior written consent of the Producing Party or upon prior order of a court of competent jurisdiction, and subject to the limitations set forth in this Stipulation, and in particular in paragraph 4, Confidential Information may be disclosed only to the following categories of persons:

#1318078 v1

a) Counsel for the parties in the Litigation (including in-house counsel) and employees of such counsel necessary to assist such counsel with respect to the Litigation;

b) The Parties to this lawsuit, including officers, directors, partners, principals, or employees of the Defendants, or their insurers, reinsurers, or insurance brokers, who may be necessary to assist their counsel in connection with the Litigation;

c) Nonparty experts or consultants retained in good faith to assist counsel identified in subparagraph 3(a) with respect to the Litigation;

d) Witnesses, court reporters, stenographers, or video operators at depositions, or court proceedings at which Confidential Information is disclosed, or, as to witnesses, in preparation for or during deposition or court proceedings, but only to the extent reasonably necessary for that purpose; provided that such persons are first provided with a copy of this Stipulation and informed that the Court may impose sanctions for any use of Confidential Information other than as provided in this Stipulation;

e) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the persons identified in subparagraph 3(a) with respect to the Litigation;

f) The Court and any other person designated by the Court, upon such terms as the Court may deem proper;

g) A person demonstrated to have prepared, received or reviewed the Confidential Information prior to its production in the Litigation; and

h) A mediator appointed by the Court or with the consent of all parties to the Litigation.

4. Counsel or appropriate managerial personnel of the Parties shall take appropriate steps to ensure that persons identified in subparagraphs 3(a), 3(b) and 3(e) within their supervision or control will maintain Confidential Information strictly in accordance with this Stipulation. Any person identified in subparagraph 3(c) to whom disclosure is made shall agree to be bound by the terms stated in this Stipulation by executing a confidentiality agreement substantially in the form of Exhibit A. Original copies of these signed confidentiality agreements shall be obtained and retained by counsel of record for the party who was responsible

for permitting access to the Confidential Information. Such copies shall be provided to counsel for the Producing Party upon request, except where to do so would effect the disclosure of an expert or consultant's identity where that expert or consultant's identity is not otherwise required to be disclosed at that time. Confidential Information shall be provided to persons identified in subparagraph 3(f) consistent with paragraph 12.

5. Except with prior written consent of the Producing Party or upon prior order of a court of competent jurisdiction, and subject to the limitations set forth in this Stipulation, and in particular in paragraph 6, Highly Confidential Information may be disclosed only to the following categories of persons:

- a) Counsel for the parties in the Litigation (including in-house counsel) and employees of such counsel necessary to assist such counsel with respect to the Litigation;
- b) Nonparty experts or consultants retained in good faith to assist counsel identified in subparagraph 5(a) with respect to the Litigation;
- c) A person demonstrated to have prepared, received or reviewed the Highly Confidential Information prior to its production in the Litigation;
- d) During depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the Highly Confidential Information;
- e) A mediator appointed by the Court or with the consent of all parties to the Litigation;
- f) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Highly Confidential Information, to the extent reasonably necessary to assist the persons identified in subparagraph 5(a) with respect to the Litigation; and
- g) The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

6. Counsel or persons in a managerial position shall take appropriate steps to ensure that persons identified in subparagraphs 5(a) and 5(b) within their supervision or control will

maintain Highly Confidential Information strictly in accordance with this Stipulation. Any person identified in subparagraph 5(b), 5(c), 5(d) or 5(e) to whom disclosure is made shall agree to be bound by the terms stated in this Stipulation by executing a confidentiality agreement substantially in the form of Exhibit A. Highly Confidential Information shall be provided to persons identified in subparagraph 5(g) consistent with paragraph 12.

7. A Producing Party may designate information as Confidential Information by marking or stamping documents (or the first page of a multi-page document provided that the document is bound), other information, or electronic media as "Confidential;" a Producing Party may designate information as Highly Confidential Information by marking or stamping documents, other information, or electronic media as "Highly Confidential" in like manner. A Producing Party may also designate electronic media as "Confidential" or Highly Confidential" by informing the requesting party in writing of its confidential designation. Recipients shall treat print-outs of any computer data from electronic media designated as "Confidential" or "Highly Confidential" as Confidential Information or Highly Confidential Information, as appropriate, in accordance with the terms of this Stipulation.

8. In the event of disclosure of any Confidential or Highly Confidential material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential or Highly Confidential material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials than has already taken place is made.

9. Failure to designate Discovery Materials as Confidential Information or Highly Confidential Information at the time of their production may be remedied if the Producing Party provides supplemental written notice. Upon receiving such supplemental notice the receiving party shall thereafter treat the designated Discovery Materials as Confidential Information or as Highly Confidential Information, as appropriate, from the date of such notification forward, and, if such information has previously been disclosed to persons not authorized for access to Confidential Information or Highly Confidential Information, as appropriate, the receiving party shall take reasonable efforts to retrieve all such previously disclosed information and advise such persons of the claim of confidentiality.

10. The Producing Party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Information or as Highly Confidential Information under the terms of this Stipulation. Until such time period expires, the entire volume of deposition transcript shall be treated as Highly Confidential Information. All copies of deposition transcripts that contain information or material designated as Confidential Information or Highly Confidential Information shall be prominently marked "Contains Confidential Information" or "Contains Highly Confidential Information," as appropriate, on the cover thereof.

11. If a party objects to a Producing Party's designation of any Discovery Material as Confidential Information or Highly Confidential Information or seeks to use such materials other than as permitted by this Stipulation, the objecting party shall so state by letter to counsel for the Producing Party. The Producing Party and the objecting party shall promptly confer, in good

6

#1318078 v1

faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Stipulation. In the event that the parties are unable to resolve any dispute concerning treatment of information as Confidential Information or Highly Confidential Information, the objecting party may, upon motion made to the Court on notice to all parties to this Stipulation, seek an order from the Court directing that such information shall not be treated as Confidential Information or Highly Confidential Information pursuant to this Stipulation. Pending determination of such motion, any information previously designated as Confidential Information or Highly Confidential Information shall continue to be treated in accordance with its original designation. The burden to demonstrate the propriety of the confidentiality of such document(s) is on the producing party.

12. Any party wishing to file Confidential Information or Highly Confidential Information with the Court shall first obtain an Order pursuant to D.C.COLO.L.R. 7.2 permitting such information to be filed under seal.

13. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other legal proceeding.

14. The production of Discovery Material that is subject to a claim of privilege or other protection from disclosure ("Privileged Discovery Material") shall not prejudice, or constitute a waiver (either as to the specific document disclosed or as to other documents or communications concerning the same subject matter) of, or stop the producing party from asserting, any claim of privilege, work product or other ground for withholding production of that Discovery Material, either in this Litigation or in any other proceeding. In order to facilitate

the timely production of electronic or paper records, and permit abbreviated procedures for review of documents to determine applicability of privileges, this "non-waiver" provision shall apply irrespective of whether the disclosure is inadvertent and irrespective of whether or to what extent a party took reasonable steps to prevent disclosure. If Privileged Discovery Material has been produced, the party making the claim of privilege, work product or other ground for withholding may notify the receiving party of the claim and the basis for it. After being notified, the receiving party (i) must promptly return or destroy the specified Privileged Discovery Material and any copies (paper or electronic) it has of it, and (ii) may not make any use or disclosure of the Privileged Discovery Material until the claim is resolved (even if such a disclosure were otherwise permissible hereunder). If a receiving party disclosed the Privileged Discovery Material before being notified, it must make reasonable steps to retrieve it. By virtue of agreeing to the foregoing paragraph, no party is assuming any obligation, or in any way undertaking, to produce privileged matter or to waive any privilege, and the receiving party is not agreeing that the asserted privilege is valid or exists.

15. The parties intend that this Stipulation shall bar and prohibit production of Confidential Information or Highly Confidential Information to any person not identified in paragraphs 3 or 5 to the maximum extent permitted by law. Should a party or its counsel or any recipient of Confidential Information or Highly Confidential Information be served with a subpoena or other notice seeking production of Confidential Information or Highly Confidential Information that it obtained pursuant to this Stipulation, the person on whom such subpoena or other notice is served shall give notice to the Producing Party, promptly and in writing, sufficiently in advance of the requested production date to allow the Producing Party to object to

the requested production. If the Producing Party objects to the production, the Producing Party's Confidential Information or Highly Confidential Information shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena or other notice. The Producing Party shall be responsible for asserting any objection to the requested production.

16. This Stipulation has no effect upon, and its scope shall not extend to, a party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose.

17. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation.

18. After the final resolution of each party's involvement as a party in the Litigation, through either judgment and appeals (if applicable) or settlement, the party shall either return to the Producing Party or destroy all Confidential Information and Highly Confidential Information within its control and certify that fact. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Information or the Highly Confidential Information.

19. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Information or Highly Confidential Information until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound

9

by this Stipulation or the Court enters an order binding them to the requirements of this Protective Order. In the event additional actions are consolidated with this Litigation, parties to the newly consolidated actions will not have access to Confidential Information or Highly Confidential Information until the parties to the newly consolidated actions by their counsel have executed and filed with the Court their agreement to be fully bound by this Stipulation or the Court enters an order binding them to the requirements of this Protective Order.

20. The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto that is satisfactory to all parties, and any violation of its terms in the interim shall be subject to such sanctions and penalties as the Court upon application may determine.

21. In entering into this Stipulation, the parties represent that they, through their attorneys, have negotiated and jointly drafted this Stipulation and as such, the rule of construction of contracts resolving any ambiguities against the drafting party shall be inapplicable so that the Stipulation shall not be strictly construed against any party. Each party further represents that it fully understands and voluntarily accepts the terms of this Stipulation. The parties represent and warrant that they and the persons executing this Stipulation on their behalf have the authority to execute and bind them to this Stipulation.

22. This Stipulation, and all discussions, correspondence and negotiations relating to it, shall not be used by one party against another party except only insofar as is necessary to enforce its terms.

23. No failure by a party in exercising any right, power or privilege under this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof

#1318078 v1

Case 1:07-cv-02563-RPM

preclude any other or further exercise thereof or the exercise of any right, power of privilege hereunder.

24. If any term or condition set forth in this Stipulation is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining terms and conditions herein shall remain in full force and effect and shall in no way be impaired or invalidated.

25. This Stipulation may be executed in counterparts.

Dated this 9th day of April, 2008.

STIPULATED AND AGREED TO BY:

| IRELAND STAPLETON PRYOR & PASCOE, P.C. | HOLME ROBERTS & OWEN LLP |
|---|---|
| s/ Mark E. Haynes<br>Mark E. Hayes<br>Stefania C. Scott<br>1675 Broadway, Suite 2600<br>Denver, Colorado 80202-4685 | s/ Bobbee Musgrave<br>Bobbee Musgrave<br>B. Lawrence Theis<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203-4541 |
| **DORSEY & WHITNEY** | **SHERMAN & HOWARD LLC** |
| s/ Tucker K. Trauman<br>Tucker K. Trautman<br>Scott Pringle Sinor<br>370 17th Street, Suite 4700<br>Denver, Colorado 80202 | s/ Brooke Pates<br>Robert E. Youle<br>Brooke Pates<br>633 Seventeenth Street, Suite 3000<br>Denver, Colorado 80202 |

SO ORDERED:

April 10th, 2008

Richard P. Matsch, United States District Judge

11

#1318078 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of April, 2008, I filed and served the foregoing **DEFENDANTS' BOARD OF COUNTY COMMISSIONERS AND THE MONTROSE COUNTY BUILDING AUTHORITY INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** with the Clerk of the Court and the following counsel using the CM/ECF system:

| | |
|---|---|
| Mark E. Haynes | Robert E. Youle |
| Stefania C. Scott | Brooke Pates |
| Ireland, Stapleton, Pryor & Pascoe, P.C. | Sherman & Howard LLC |
| 1675 Broadway, Suite 2600 | 633 Seventeenth Street, Suite 3000 |
| Denver, Colorado 80202-4685 | Denver, Colorado 80202 |

Tucker K. Trautman
Scott Pringle Sinor
Dorsey & Whitney
370 17th Street, Suite 4700
Denver, Colorado 80202

s/ Bobbee J. Musgrave

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:07-CV-02563-RPM

JETAWAY AVIATION, LLC, a Colorado Limited Liability Company,

Plaintiff;

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTROSE, COLORADO; MONTROSE COUNTY BUILDING AUTHORITY; a Colorado Nonprofit Corporation; JET CENTER PARTNERS, LLC, A Colorado Limited Liability Company; BLACK CANYON JET CENTER LLC, a Colorado Limited Liability Company; WILLIAM PATTERSON; KEVIN EGAN; AND JAMES RUMBLE;

Defendants.

---

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

1.  I certify my understanding that Discovery Material, "Confidential Information," and/or "Highly Confidential Information" are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order ("Stipulation") in the above referenced matter.

2.  I have read the Stipulation and understand its terms.

3.  I agree to be fully bound by the Stipulation, and I further agree to take diligent measures to prevent the disclosure of such information to anyone not otherwise authorized by the Stipulation to receive the Confidential Information or the Highly Confidential Information.

**EXHIBIT A**

4. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulation. I understand that violation of the Stipulation is punishable by contempt of court.

Date: _____

Signature: _____

Name (printed): _____

Title & Company: _____

_____

#1318328 v1