IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:07-cv-02563-RPM-MJW

JETAWAY AVIATION, LLC, a
Colorado Limited Liability Company,

Plaintiff,

v.

THE BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF MONTROSE,
COLORADO; MONTROSE COUNTY
BUILDING AUTHORITY; a
Colorado Nonprofit Corporation;
JET CENTER PARTNERS LLC,
a Colorado Limited Liability Company;
BLACK CANYON JET CENTER LLC,
a Colorado Limited Liability Company;
WILLIAM PATTERSON; KEVIN
EGAN; and JAMES RUMBLE,

Defendants.

---

## PROTECTIVE ORDER

---

JetAway Aviation, LLC ("JetAway"), through its undersigned counsel, hereby proposes that the following Protective Order govern the discovery in the case currently pending between the parties. JetAway further requests that the Court enter this Proposed Protective Order (this "Order") as follows:

IT IS HEREBY AGREED AND ORDERED:

1.    Definitions: For purposes of this Order the following capitalized terms shall have the meanings indicated:

1

a.     "Confidential Information" shall mean trade secret or other proprietary or confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, bank, and employment records, training procedures, design drawings in any medium, patent applications, licenses, agreements, and contracts, trade data and research and development documents, customer identity and lists, and computer software programs in source code or object code. Confidential Information shall mean Confidential Information the disclosure of which shall be restricted to the Requesting Party and its Counsel, and its specially retained non-employee Experts and Non-testifying Experts, as defined in Section 5(b) below. Confidential information shall not be disclosed to any third party, except as expressly provided herein.

b.     "Counsel" shall mean the counsel of record for the respective parties in this matter including their staff and independent contractors, and such legal, clerical, paralegal and secretarial staff employed or retained by counsel of record for the sole purpose of assisting in the litigation.

c.     "Documents" shall mean tangible records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things.

d.     "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information in response to written discovery, requests for admission, deposition questions or otherwise.

947253-2

e.      "Producing Party" shall mean the party from whom disclosure of information is sought in response to written discovery, requests for admission, deposition questions or otherwise.

2.   <u>Designations</u>:

a.      Documents and Responses to Written Discovery: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a Producing Party to disclose Confidential Information of that party, shall be so identified by that party with the name of the classifying party, e.g., "Plaintiff" or "Defendant," followed by the designation that it is "Confidential". The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g., Plaintiff's document "POOOOl") contained on the document. Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of Confidential Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party. The Producing Party shall be responsible for labeling Documents containing Confidential Information.

b.      Document Inspections: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Confidential Information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records.

3

947253-2

In such case, no Documents of the party producing Documents shall be removed from the site of the inspection or copied until such Producing Party has had an opportunity to review and designate such Documents in the manner previously explained.

      c.    Depositions: Deposition transcripts shall be treated initially as Confidential Information in their entirety until fifteen (15) days after receipt unless the parties expressly agree otherwise. In the event a party other than the Producing Party wishes to have another person attend the deposition, that person shall withdraw from the deposition when requested to do so by the other party asserting the confidentiality of the deposition testimony and exhibits. This provision shall not apply to parties or their designated expert witnesses. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as "Confidential". The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting Confidential Information. If portions of the transcript or exhibits were designated as Confidential Information during the deposition, such designation remains in force and need not be reasserted under this paragraph. After fifteen (15) days, only those portions of any transcript which are separately designated as Confidential Information (whether during the deposition or after the receipt of the transcript) shall be deemed entitled to protection as Confidential Information. Documents designated as Confidential Information pursuant to this Order shall retain their Confidential Information

947253-2

status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

       d.     Third Parties: Third parties from whom documents are obtained may designate said documents as Confidential Information in accordance with the terms of this Order.

       e.     Inadvertent Failure to Designate: If, through inadvertence, a Producing Party provides any material containing Confidential Information without designating the material as such, whether by document production or deposition testimony, the Producing Party may subsequently inform the Receiving Party in writing of the Confidential Information status of the material and designate the appropriate level of confidentiality. The Receiving Party shall thereafter treat the disclosed material as Confidential Information, in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Confidential Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Confidential Information designation. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Receiving Party, and the Requesting Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. Any such

947253-2

inadvertent disclosure, whether as part of a voluminous document review or otherwise, shall not be construed as a waiver of the attorney-client privilege or work product doctrine.

3.     Restrictions on Use: Any Confidential Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its Counsel for any business, commercial, competitive, publicity or other purposes.   A Requesting Party or its Counsel shall not use any Confidential Information contained in the Confidential Documents for purposes of obtaining media attention or exposure or publicizing this litigation.  All obligations and duties arising under this Order shall survive the termination of this action.   This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order.   Because there are more than two parties in this case, it is contemplated and agreed that a Requesting Party may disclose to another party the Confidential Information that the Requesting Party received from another party, provided: a) the other party has stipulated to the protections afforded the Confidential Information under this Order; and b) the other party treats the Confidential Information in the same manner as if it had been the Requesting Party.

4.     Court Ordered Disclosure: Nothing herein shall prevent disclosure beyond the terms of this Order if the Court, after notice to all affected parties, orders such disclosure.

5.     Obligations of Counsel: It shall be the responsibility of Counsel for the respective parties herein to ensure strict compliance with the provisions of this Order in their dealings with Confidential Information, and it shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Order and all provisions thereof are made known to any person

947253-2

who shall examine Confidential Information as provided herein. All persons responsible for determining that discovery responses, Documents and depositions contain Confidential Information shall be familiar with this Order and the scope of its protection. All Confidential Information including any and all copies thereof shall be kept by Counsel in a place appropriately safe, given its status. Confidential Information may be disclosed to the parties to this litigation. Confidential Information may be disclosed to third persons only to the extent necessary for conducting this litigation and only as follows:

a.     With the exception of witnesses who either authored or previously received the Confidential Information, such information may be disclosed to other persons not authorized by this Order only with the mutual agreement in writing between Counsel in advance of any disclosure to such person and only upon execution of the Acknowledgment attached hereto as Exhibit A.

b.     <u>Deposition Witnesses</u>: Confidential Information may be disclosed to deposition witnesses during a deposition, while being questioned by Counsel for a party in connection with this action, but only to the extent necessary to assist such Counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order. No Acknowledgment is required if the witness being questioned is a present or past employee or consultant of the Producing Party.

c.     <u>Authors or Recipients</u>: Confidential Information may be disclosed to an author or prior recipient of the Confidential Information to be disclosed, summarized,

7

described, characterized or otherwise communicated or made available, but only to the extent necessary to assist Counsel in the prosecution or defense of this action.

     d.    <u>Insurance Representatives</u>: Confidential Information may be disclosed to the claims counselor representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action and provided that such person sign an Acknowledgement in the form attached as Exhibit A and thereby agree to be bound by the terms of this Order.

     e.    Confidential Information may be disclosed to photocopying, imaging, data base, graphics or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action and to stenographers and videographers employed by Counsel in connection with depositions and other like proceedings.

6.    Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

     a.    operate as an admission by any party that any particular Confidential Information produced by another party or non-party contains or reflects trade secrets, proprietary or sensitive information, or any type of proprietary or confidential information.

     b.    operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information.

8

c.    prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery.

d.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

e.    prejudice in any way the rights of a party to seek determination by the Court whether any Confidential Information should or should not be subject to the terms of this Order.

f.    prevent the parties of this Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular Confidential Information.

7.    <u>Pleadings</u>: All papers, documents and transcripts containing or revealing the substance of Confidential Information shall be filed in sealed envelopes marked "Confidential Under Protective Order entered _____ (date) - designated confidential matter by _____ (party)" and shall be filed with a Motion for Filing Under Seal. The Court shall not permit access to the contents of the envelope to anyone other than Counsel without prior written order of this Court.

8.    <u>Contested Designations</u>: A party shall not be obligated to challenge the propriety of designating any document as "Confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as

947253-2

Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking to limit disclosure shall have seven (7) calendar days from receipt of written notice contesting the confidential designation to file a motion for protective order with the Court. If the party seeking to limit disclosure fails to file the requisite motion for protective order, on the eighth (8th) calendar day the information shall be deemed not to be Confidential Information, as the case may be, under this Order. The party seeking to limit disclosure of information shall bear the burden of proof that it should be protected as Confidential Information. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact Confidential Information. While Confidential Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Confidential Information protected hereunder if it is demonstrated that such information either:

> a.     is in the public domain at the time of disclosure as a composite item of information (e.g., customer telephone number also with composite identification as a customer of the disclosing party, etc.);

> b.     becomes part of the public domain with no breach of any obligations to or for the benefit of the Producing Party;

> c.     is received by the Receiving Party lawfully at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party; or

947253-2

d.   is   information   the   Requesting   Party   can   show   by previously-existing written evidence was in its possession prior to the time of disclosure.

9.    Non-waiver: The production of Documents by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the Document has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

10.    Trial Procedures: The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

11.    Modification: Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

12.    Interim Effect: This Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Confidential Information produced under the terms of this Order shall be protected by the parties

947253-2

pursuant to these terms.

Entered this 9th day of February, 2011.

BY THE COURT:

United States District Court Judge

947253-2

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the parties and entered by the Court in this action and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Stipulated Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

947253-2